Robert P. Ottilie (SBN 95845)
LAW OFFICES OF ROBERT P. OTTILIE
550 West C Street
Suite 1400
San Diego, CA 92101
Telephone: 619-231-4841
Facsimile: 619-231-3293
e-mail: ro@ottilielaw.com

FILED
08 MAR 10 PM 3:23
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

Attorneys for Defendants and Counterclaimants,
MAURIZIO ZANETTI and NEVAGEN, LLC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARA GERLONI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,<br><br>Defendant. | **CASE NO. 07 CV 2366 JLX(CAB)**<br><br>**DEFENDANTS MAURIZIO ZANETTI AND NEVAGEN, LLC'S ANSWER TO COMPLAINT**<br><br>**AND**<br><br>**COUNTERCLAIMS AGAINST MARA GERLONI** |
| MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>MARA GERLONI, an individual<br><br>Counterclaim Defendant.. | **JUDGE: HON. JANIS L. SAMARTINO**<br><br>**MAGISTRATE JUDGE: HON CATHY A. BENCIVENGO** |

Maurizio Zanetti (hereinafter "Zanetti") and Nevagen, LLC (hereinafter "Nevagen") (sometimes hereinafter collectively referred to herein as "Defendants" or "Counterclaimants") for their Answer to the Complaint provide the following admissions and denials to the allegations made in the Complaint, wherein the numbered paragraphs of this Answer correspond

to the numbered paragraphs of the Complaint, and which includes Affirmative Defenses. Thereafter, the Counterclaimants have set out their Counterclaims.

## I. THE PARTIES

1. With reference to paragraph 1, Defendants are informed and believe that Plaintiff, Mara Gerloni, is an individual who resides in San Diego, California.

2. With reference to paragraph 2, Defendants admit that Maurizio Zanetti is an individual residing in San Diego, California.

3. With reference to paragraph 3, Defendants admit that Nevagen, LLC is a Nevada Limited Liability Company wholly owned by Defendant Zanetti.

4. With reference to paragraph 4, Defendants deny the allegations of paragraph 4.

## II. JURISDICTION AND VENUE

5. With reference to paragraph 5, Defendants do not question that jurisdiction is proper in this court.

6. With reference to paragraph 6, Defendants admit that Zanetti lives in San Diego, California and that Nevagen's principal place of business is in San Diego, California. With respect to the remaining allegations of paragraph 6, Defendants are without information sufficient to form a belief as to the truth of such remaining allegations and therefore deny the same.

7. With reference to paragraph 7, Defendants do not question that venue is proper in this Court.

## III. GENERAL ALLEGATIONS

### A. The Technology and Resulting Patent Applications

8. With reference to paragraph 8, Defendants admit that Plaintiff was employed by the University of California, San Diego ("UCSD") Medical School and worked with a group studying antibodies and immunization directed to cancer and certain pathogens. Defendants admit that Plaintiff represents she was employed by University of California San Diego from 1993 to 2005. Defendants are without information sufficient to form a belief as to the remaining

allegations and therefore deny the same.

9. With reference to paragraph 9, Defendants admit that Defendant Zanetti was employed by UCSD and in charge of a research laboratory investigating antibodies and immunization directed to cancer and certain pathogens. Defendant denies remaining allegations of paragraph 9.

10. With reference to paragraph 10, Defendants admit that on or about April 27, 1998, a provisional United States Patent Application, Serial Number 60/083,154 was filed in the United States Patent and Trademark Office on April 27, 1998. Defendants further admit that United States Patent Application corresponding to provisional application Serial Number 60/083,154 was filed on April 27, 1999 and assigned Serial Number 09/300,959. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and therefore deny the same.

11. With reference to paragraph 11, Defendants admit that United States Patent 7,279,462 issued on October 9, 2007.

12. With reference to paragraph 12, Defendants deny the allegations of paragraph 12.

13. With reference to paragraph 13, Defendants admit that continuation Patent Applications Serial Number 11/640,778 was filed naming Zanetti as inventor and was based on the '959 application which application was filed on December 18, 2006. Defendants deny the remaining allegations of paragraph 13.

14. With reference to paragraph 14, Defendants admit that continuation Patent Application Serial Number 11/713,477 was filed naming Zanetti as the inventor and based on the '959 application which application was filed on March 1, 2007. Defendants deny the remaining allegations of paragraph 14.

15. With reference to paragraph 15, Defendants deny the allegations of paragraph 15.

16. With reference to paragraph 16, Defendants admit that the '462 application, the '959 application and the '477 application relate to immunization and antibodies.

///

///

B. The Technology is Released to Zanetti and Others

17. With reference to paragraph 17, Defendants admit that Zanetti and Plaintiff were employed at UCSD. Defendants are without information sufficient to form a belief as to the remaining allegations of paragraph 17 and therefore deny.

18. With reference to paragraph 18, Defendants deny allegations of paragraph 18.

19. With reference to paragraph 19, Defendants admit that Zanetti resolved a dispute with UCSD and that the settlement included , inter alia, a release of its interest in certain patents to Zanetti; the document speaks for itself; and Defendant denies remaining allegations in paragraph 19.

20. With reference to paragraph 20, Defendants admit that on or about May 31, 2001 the settlement was amended to extend to the '959 Patent; Defendants deny the remaining allegations of paragraph 20.

21. With reference to paragraph 21, Defendants deny the allegations of paragraph 21.

C. Zanetti's Subsequent Transfers

22. With reference to paragraph 22, Defendant Zanetti admits that Transgenix Corporation was formed under Delaware law. Defendant Zanetti denies the remaining allegations of paragraph 22.

23. With reference to paragraph 23, Defendants admit that Progentec, S.A. was a Luxembourg company. Defendants deny the remaining allegations of paragraph 23.

24. With reference to paragraph 24, Defendants admit that Eurogen, S.A. was a Luxembourg company. Defendants deny the remaining allegations of paragraph 24.

25. With reference to paragraph 25, Defendants admit that Cosmo S.p.A. was an Italian company. Defendants deny the remaining allegations of paragraph 25.

26. With reference to paragraph 26, Defendants deny the allegations of paragraph 26.

27. With reference to paragraph 27, Defendants do not have information sufficient to form belief as to the truth of the allegations of paragraph 27 and therefore denies the same.

28. With reference to paragraph 28, Defendant Nevagen is the current owner of the '462 patent. Defendants deny the remaining allegations of paragraph 28.

RESPONSE TO FIRST CAUSE OF ACTION

(For Correction of Inventorship – Patent – 35 U.S.C. § 256)

29. With reference to paragraph 29, Defendants reallege and incorporate by reference the responses set forth in paragraphs 1 through 28 above as though set forth in full herein.

30. With reference to paragraph 30, Defendants deny the allegations of paragraph 30.

31. With reference to paragraph 31, Defendants admit that the '462 Patent does not name Plaintiff as inventor.

32. With reference to paragraph 32, Defendants deny the allegations of paragraph 32.

33. With reference to paragraph 33, Defendants deny the allegations of paragraph 33.

34. With reference to paragraph 34, Defendants deny the allegations of paragraph 34.

RESPONSE TO SECOND CAUSE OF ACTION

(For Correction of Inventorship – Applications – 35 U.S.C. § 116)

35. With reference to paragraph 35, Defendants reallege and incorporate by reference the responses set forth in paragraphs 1 through 34 above as though set forth in full herein.

36. With reference to paragraph 36, Defendants admit that the '778 application and '477 application are pending. Defendants deny the remaining allegations of paragraph 36.

37. With reference to paragraph 37, Defendants deny the allegations of paragraph 37.

38. With reference to paragraph 38, Defendants deny the allegations of paragraph 38.

39. With reference to paragraph 39, Defendants deny the allegations of paragraph 39.

40. With reference to paragraph 40, Defendants deny the allegations of paragraph 40.

RESPONSE TO THIRD CAUSE OF ACTION

(Conversion)

41. With reference to paragraph 49, Defendants reallege and incorporate by reference the responses set forth in paragraphs 1 through 40 above as though set forth in full herein.

42. With reference to paragraph 42, Defendants deny the allegations of paragraph 42.

43. With reference to paragraph 43, Defendants deny the allegations of paragraph 43.

44. With reference to paragraph 44, Defendants deny the allegations of paragraph 44.

45. With reference to paragraph 45, Defendants deny the allegations of paragraph 45.

46. With reference to paragraph 46, Defendants deny the allegations of paragraph 46.

RESPONSE TO FOURTH CAUSE OF ACTION

(Unjust Enrichment)

47. With reference to paragraph 48, Defendants reallege and incorporate by reference the responses set forth in paragraphs 1 through 46 above as though set forth in full herein.

48. With reference to paragraph 48, Defendants deny the allegations of paragraph 48.

49. With reference to paragraph 49, Defendants deny the allegations of paragraph 49.

50. With reference to paragraph 50, Defendants deny the allegations of paragraph 50.

51. With reference to paragraph 51, Defendants deny the allegations of paragraph 51.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff Fails to State a Claim for Relief

52. As a first affirmative defense, Zanetti alleges that the Complaint fails to state a claim for which relief may be granted

**SECOND AFFIRMATIVE DEFENSE**

Estoppel

53. As a second affirmative defense, Plaintiff is barred from recovery or relief on the basis of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Laches

54. As a third affirmative defense, Plaintiff is barred from recovery or relief on the basis of laches.

**FOURTH AFFIRMATIVE DEFENSE**

Acquiescence

55. As a fourth affirmative defense, Plaintiff is barred from recovery or relief on the basis of acquiescence.

///

///

**FIFTH AFFIRMATIVE DEFENSE**

Waiver

56. As a fifth affirmative defense, Plaintiff is barred from recovery or relief on the basis of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

Statute of Limitations

57. As a sixth affirmative defense, Plaintiff is barred from recovery or relief on the basis of the statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

58. As a seventh affirmative defense, Defendant Zanetti is the sole inventor of the invention claimed in the '462 patent.

**EIGHTH AFFIRMATIVE DEFENSE**

59. As an eighth affirmative defense, Defendant Zanetti is the sole inventor of the invention claimed in the '778 application.

**NINTH AFFIRMATIVE DEFENSE**

60. As a ninth affirmative defense, Defendant Zanetti is the sole inventor of the invention claimed in the '477 application.

**TENTH AFFIRMATIVE DEFENSE**

61. As a tenth affirmative defense, Plaintiff is barred from recovery or relief pursuant to the doctrine of unclean hands.

**COUNTERCLAIMS**

1. Counterclaimant Maurizio Zanetti ("Zanetti") and Counterclaimant Nevagen, LLC. ("Nevagen") (Zanetti and Nevagen hereinafter sometimes collectively referred to as "Counterclaimants"), for their counterclaims against Mara Gerloni, (hereinafter referred to as "Counterclaim Defendant" or "Gerloni"), hereby allege as follows:

///

///

## JURISDICTION AND VENUE

2. This civil action for declaratory judgment of patent inventorship is brought pursuant to 28 U.S.C. §§ 2201-2202 and the patent laws of the United States, 35 U.S.C. §§ 1, et seq. Further, this is an action for damages for copyright infringement under 17 U.S.C. § 101 et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400, in that Counterclaim Defendant is found in this judicial district.

## THE PARTIES

4. Counterclaimant Maurizio Zanetti is an individual residing in San Diego, California.

5. Counterclaimant Nevagen, LLC is a Nevada Limited Liability Company with its principle place of business at San Diego, CA.

6. Counterclaimants are informed and believe, and on that basis allege, that Counterclaim Defendant Gerloni is an individual residing in San Diego, California.

## GENERAL ALLEGATIONS

7. Counterclaimant Zanetti is an internationally recognized research immunologist.

8. In 1986, Zanetti developed the idea of using genetically engineered antibodies and cells to trigger cellular immunity in order to develop a vaccine, e.g., for cancer (hereinafter "cancer vaccine research").

9. From and during the years of 1986 to today, Zanetti worked on further developing his idea, including making the first public presentation of the idea at a conference entitled "Idiotypes and Disease" in Udine, Italy in September 1990.

10. Zanetti consulted with a patent attorney in 1998 and a provisional patent application entitled "Somatic Transgene Immunization with DNA Encoding an Immunoglobulin Heavy Chain" was filed April 27, 1998, as Serial Number 60/083,154 ("the '154 application").

11. The '154 provisional application was filed as a utility application April 27, 1999 as Serial Number 09/300,959 ("the '959 application") and matured into U.S. Patent No.

7,279,462 ("the '462 patent") on October 9, 2007.

12. Zanetti has further filed two continuation applications, claiming priority of the original '154 application filing date for application Serial Number 11/640,778 ("the '778 application"), filed December 18, 2006, and Serial Number 11/713,477 ("the '477 application") filed March 1, 2007.

13. The '154 application, '959 application, '462 patent, '778 application, and '477 application are hereinafter together referred to as "the Zanetti Filings."

14. Zanetti solely, and specifically without Gerloni, conceived of the invention claimed in the Zanetti Filings.

15. Counterclaim Defendant Gerloni came to California to work with Zanetti as a postgraduate researcher in 1993.

16. Upon Gerloni's entrance into the United States, Gerloni presented to the United States Immigration and Naturalization Service her objective of working on "Immunology of Proteins that Mimic Sugars"

17. After Gerloni arrived at UCSD she continued her postgraduate research into sweet proteins.

18. Gerloni's first efforts on a cancer project was August 31, 1993 under the direction of Dr. Zanetti wherein she prepared reagents to be used in an experiment on October 26, 1993, some 6 years after Zanetti developed his concept for a principle of vaccination.

19. In accordance with UCSD policy, at one time, UCSD had ownership rights to the patents at issue in this lawsuit.

20. Zanetti after defeating a complaint of misconduct, settled with UCSD (Settlement and Amendment), which settlement included a release of patent rights and an assignment of the Zanetti patents to Zanetti.

21. Zanetti has since assigned all of the Zanetti Filings to Nevagen, Inc.

///

///

///

**COUNT 1**

**By Counterclaimants Against Gerloni**

**(Declaratory Judgment of Patent Inventorship)**

22. Counterclaimants repeat and reallege the allegations contained in Paragraphs 1 through 21 above.

23. Counterclaimants allege that Zanetti is the sole inventor of the invention claimed in the '462 patent, the '778 application and the '477 application.

24. Gerloni has alleged in the underlying Complaint that she is the inventor, or at least a co-inventor, of the technology of such patent and applications.

25. Nevagen has an interest in the status of its rights as the Assignee of the Zanetti Filings.

26. Counterclaimants and Gerloni have an actual case and controversy that is ripe for adjudication regarding the inventorship of such patent and applications.

27. Zanetti seeks declaratory judgment that he, Maurizio Zanetti, is the sole inventor of the invention claimed in such patent and applications.

28. Nevagen seeks a declaration that the assignment of the Zanetti Filings it received from Zanetti was a valid transfer of rights in the Zanetti Filings in that Zanetti had full rights of ownership to transfer the Zanetti Filings to Nevagen.

29. Counterclaimants allege that this is an exceptional case, and that Counterclaimants are entitled to recover their attorney's fees and the expenses they incurred in bringing this declaratory relief action.

**COUNT 2**

**By Zanetti Against Gerloni**

**(Copyright Infringement Under 17 U.S.C. § 101 et seq.)**

30. Zanetti repeats and realleges the allegations contained in Paragraphs 1 through 29 above.

31. Zanetti had authored and has applied for copyright registrations in the following Zanetti works entitled: A Phase 1, Escalating Dose.

32. The Zanetti Works are copyrightable subject matter under the laws of the United States.

33. The Zanetti Works includes a figure entitled The Immunogenic Epitopes:

34. Gerloni had had access to the Zanetti Works.

35. Zanetti is informed and believes that Gerloni directed, controlled and authorized the drafting of international patent application Publication No. WO 2008/017568 entitled “Plasmids with Immunological Action (hereinafter “the Infringing Work”). The Infringing Work was published internationally February 14, 2008.

36. Gerloni’s application includes near identical substance and phraseology as Zanetti’s Works.

37. Gerloni had no authority to use the Zanetti Works.

38. A substantial similarity, if not complete identity, of significant and fundamental aspects of the Zanetti Works are copied into Gerloni’s infringing application as Figure 3 thereof plus explanations relating thereto in addition to other materials copied or paraphrased from Zanetti’s original works of authorship.

39. On information and belief, Gerloni caused the publication of her Infringing application, and this publications constitutes copyright infringement, in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

40. On information and belief, Gerloni’s copying was undertaken with full knowledge that Gerloni was copying Zanetti’s works. Gerloni had notice and knowledge of Zanetti’s ownership of the Zanetti’s Works. Gerloni’s copyright infringement is thereby and therefore intentional and willful.

41. By reason of the foregoing acts of copyright infringement, Zanetti has been monetarily injured in an amount not yet ascertained and Zanetti is entitled to injunctive relief plus his attorneys fees and the expenses he incurred by bringing this copyright infringement action.

**COUNT 3**

**By Counterclaimants Against Gerloni**

**(California Unfair Practices Act**

**California Business & Professions Code §§ 17200, Et Seq.)**

42. Counterclaimants repeat and restate the allegations of the foregoing Paragraphs 1 through 41 as though fully set forth here in their entirety.

43. Counterclaims are informed and believe that Gerloni has violated and continues to violate, California Business & Professions Code Section §§ 17200, et seq. by asserting sole inventorship or co-inventorship in the Zanetti patent and applications and the right to licensing revenues therefrom, even though Zanetti is the sole inventor of the Zanetti's patent and applications and even though such were assigned to Zanetti through a settlement agreement. Gerloni is making these assertions in a business that is related to the business of Dr. Zanetti.

44. Counterclaimants are informed and believe that Gerloni, is CEO of CBI and has made the above-referenced representations as part of a business practice to further her own personal business interests and that Gerloni has directed CBI to seek governmental approvals based upon miss-statements, improper data, and unauthorized use of Zanetti's name, technology, research data, patents and copyrighted works.

45. The foregoing described acts by Gerloni are unlawful, unfair, mis-representative and constitute unfair business practices.

46. Counterclaimants are being injured by the unlawful acts of Gerloni, and these acts will continue to injure Counterclaimants unless Gerloni is enjoined by this Court, and unless Gerloni is ordered to pay restitution to Counterclaimants for Gerloni's unfair business practices.

47. Counterclaimants are entitled to a preliminary and permanent injunction to enjoin further acts of unfair business practices by Gerloni, and for compensatory and punitive damages, in an amount to be determined.

PRAYER FOR RELIEF

Counterclaimants Zanetti and Nevagen pray for the following relief:

1. A declaration that Zanetti is the sole inventor of the '462 patent, the '778

application and the '477 application.

2. An accounting of profits and damages resulting from Gerloni's copyright infringement, and trebling and/or enhancement of such damages under the copyright laws as an exceptional case because of the knowing, intentional, willful, and wanton nature of Gerloni's conduct; specifically: an award to Zanetti of (i) an amount equal to the actual damages suffered by Zanetti as a result of Gerloni's infringement of his copyrights as provided for in 17 U.S.C. § 504(b); (ii) an amount equal to the profits earned by Gerloni as a result of her sales of Infringing Works as provided for in 17 U.S.C. § 504(b); (iii) statutory damages in the maximum amount of $150,000 for each of Gerloni's willful infringements of Zanetti's Works; (iv) pre-judgment interest and post-judgment interest; (v) attorney's fees as may be available under 17 U.S.C. § 505.

3. A finding that Gerloni committed acts of unfair business practices against Zanetti and Nevagen and that Zanetti is entitled to an accounting of the damages resulting therefrom.

4. A preliminary and permanent injunction preventing (i) Gerloni from making assertions of inventorship or other rights to the Zanetti Filings, (ii) Gerloni from acts which infringe Zanetti's copyrights; and (iii) Gerloni from unfairly competing with Counterclaimants.

5. An award of punitive damages for intentional and willful acts;

6. An award of interest, reasonable attorney's fees, and costs; and

7. Such other and further relief as the Court deems just and equitable under the circumstances.

Dated: March 10, 2008

LAW OFFICES OF ROBERT P. OTTILIE

By: ______________________________

Robert P. Ottilie
Attorney for Defendants and Counterclaimants,
MAURIZIO ZANETTI and NEVAGEN, LLC

JURY DEMAND

Defendants and Counterclaimants hereby demand trial by jury.

Dated: March 10, 2008

LAW OFFICES OF ROBERT P. OTTILIE

By: ______________________________
Robert P. Ottilie
Attorney for Defendants and Counterclaimants,
MAURIZIO ZANETTI and NEVAGEN, LLC

(C.C.P. Section 1013a and 2015.5)

Gerloni v. Zanetti, et al.
US District Court Case No. 07 CV 2366 JLX(CAB)

I, Vivian Krotzer, declare:

I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to this action; I am employed in the County of San Diego, CA, in which county the within-mentioned mailing occurred. My business address is 550 West "C" Street, Suite 1400, San Diego, California 92101. On March 10, 2008 I served the foregoing document(s) described as:

**DEFENDANT MAURIZIO ZANETTI'S AND NEVAGEN, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIMS AGAINST MARA GERLONI; JURY DEMAND**

in this action by placing the ___ original _x_ a true copy thereof enclosed in a sealed envelope addressed as follows:

Lawrence Kouns
Luce Forward
600 W. Broadway, Suite 2600
San Diego, CA 92101

_X_ **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope addressed as above, with postage thereon fully prepaid in the United States mail, at San Diego, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal service on the same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. C.C.P. §1013a(3).

___ **BY FACSIMILE:** I caused the described document to be transmitted from a facsimile transmission machine. The transmission was reported as complete without error by transmission report issued by the facsimile transmission upon which the transmission was made. [CCP§ 1013(c)] to each such addressee.

___ **BY PERSONAL SERVICE/KNOX ATTORNEY SERVICE** Delivered during business hours.

I declare under penalty of perjury the laws of the State of California that the foregoing is true and correct.

Executed on March 10, 2008 at San Diego, California.

Vivian Krotzer