Lawrence J. Kouns, State Bar No. 095417
Mitchell P. Brook, State Bar No. 172105
Todd R. Kinnear, State Bar No. 208831
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for Plaintiff Mara Gerloni

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARA GERLONI, an individual,

Plaintiff,

v.

MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,

Defendants.

Case No. 07 CV 2366 JLS CAB

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF COUNTERCLAIM**

Fed.R.Civ.Pro. 12(f)

Date: May 23, 2008
Time: 10:30 a.m.
Courtroom: 6

Judge: Honorable Janis L. Samartino

Magistrate Judge:
Hon. Cathy A. Bencivengo

## I. INTRODUCTION

Counterclaimants Maurizio Zanetti and his company Nevagen, LLC's (collectively, "Zanetti's") purported third cause of action suffers from a fundamental misunderstanding of California's Business and Professions Code section 17200 *et seq*. (the "Unfair Competition Law," or "UCL"). As set forth in more detail below, Zanetti is not entitled to "compensatory and punitive damages" thereunder. Further, he pleads no facts that would entitle him to the "restitution" he seeks.

As a result, this motion should be granted, and the Court should strike the offending language in paragraphs 46 and 47 of the counterclaim.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(f), "upon motion made by a party within 20 days after the service of the pleading upon the party … the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike may also be used to strike a prayer for relief where the damages sought are not recoverable as a matter of law. *See Tapley v. Lockweood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, fn. 34 (C.D. Cal. 1996) ("a motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law."); *and Wilkerson v. Butler*, 229 FRD 166, 172 (E.D. Cal. 2005)("A motion to strike is appropriate to address requested relief, such as punitive damages, which is not recoverable as a matter of law.").

## III. ARGUMENT

### A. Zanetti is Not Entitled to Damages Under the UCL

In paragraph 47 of his counterclaim, Zanetti claims that he is "entitled to … compensatory and punitive damages, in an amount to be determined." While the scope of conduct covered by the UCL may be broad, "its remedies are limited." *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal.4th 1134, 1144 (2003). A plaintiff is entitled only to restitution and injunctive relief. *See id.* at 1147; Bus. & Prof. Code § 17203 ("The court may make such orders or judgments … as may be necessary to prevent the use or employment by

any person of any practice which constitutes unfair competition … or as may be necessary to restore to any person in interest any money … which may have been acquired by means of such unfair competition.”).

Given the limitation of available remedies, compensatory damages are simply not available to Zanetti under his third cause of action. *See E.W. French & Sons, Inc. v. General Portland, Inc.*, 885 F.2d. 1392, 1402 (9th Cir. 1989) (“We hold that section 17203 authorizes no compensatory damages for private parties.”); *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1266 (1992). Nor are punitive damages a possible remedy. *See In re Wal-Mart Stores, Inc.*, 505 F.Supp.2d 609, 620 (N.D. Cal. 2007) (“Indeed, it is settled law that punitive damages are not available under section 17200.”) (*citing Korea Supply*, *supra*, 29 Cal.4th at 1148).

The Court should therefore strike the request for damages from paragraph 47.

B. Zanetti is Not Entitled to Restitution

Zanetti also improperly requests an order directing Plaintiff “to pay restitution” as a result of her alleged unfair business practices. *See* Counterclaim, ¶ 46. While restitution may be an available remedy under the UCL, it is not an available remedy under the facts Zanetti has pled.

As set forth above, the UCL’s monetary remedy is only restitution, i.e., the return of “monies given to the defendant” by the plaintiff as a result of some unlawful, unfair or fraudulent practice. *Korea Supply Co*. *supra*, 29 Cal.4th at 1148. The “restitution” remedy afforded under the UCL statute is narrow: “[T]he object … is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest.” *Id.* at 1149. Consistent with that objective, “restitutionary awards encompass quantifiable sums one person owes to another.” *Cortez v. Purolator Air Filtration Products, Co.,* 23 Cal.4th 163, 178 (2000). The award must “represent money that once had been in the possession of the person to whom it [is] to be restored.” *Cortez*, 23 Cal.4th at 177. In other words, “[t]he offending party must have obtained something to which it was not entitled and the victim must have given up something which he or she was entitled to keep.” *Day v. AT&T Corp*., 63 Cal.App.4th 325, 340 (1998). Pleading only that one has been “injured,” as Zanetti does (¶

46), is simply insufficient. *See Bank of the West*, *supra*, 2 Cal.4th at 1266 (damages unavailable in UCL claim).

Here, Zanetti concludes only that Plaintiff has engaged in conduct "to further her own personal business interests," and that Zanetti was "injured" as a result. Counterclaim, ¶¶ 44, 46. Absent is any indication as to what was "once in the possession of" Zanetti, which Plaintiff now possesses, and which she could return to him. *Cortez*, 23 Cal.4th at 177. Moreover, the nature of the alleged conduct that Zanetti claims violated the UCL simply could not have resulted in Zanetti paying anything to Plaintiff. In paragraph 43 of his counterclaim, Zanetti alleges that Plaintiff is improperly "asserting sole inventorship or co-inventorship in the Zanetti patent and applications…." Even were this allegation true (which it is not), it would not result in Zanetti providing any money or property to Plaintiff that she could "restore" to him.

Because she has taken nothing from Zanetti, there is nothing for Plaintiff to restore to him. As the counterclaim fails to provide the necessary factual predicate, Zanetti's request for "restitution" in paragraph 46 should also be stricken.

## IV. CONCLUSION

For each of the foregoing reasons, this motion should be granted, and Zanetti's request for restitution and damages in his Third Cause of Action should be stricken.

DATED: April 4, 2008 LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /s/ Todd R. Kinnear
Lawrence J. Kouns
Mitchell P. Brook
Todd R. Kinnear
Attorneys for Plaintiff Mara Gerloni

101081275.1