Robert P. Ottilie (SBN 95845)
LAW OFFICES OF ROBERT P. OTTILIE
550 West C Street
Suite 1400
San Diego, CA 92101
Telephone: 619-231-4841
Facsimile: 619-231-3293
e-mail: ro@ottilielaw.com

Attorneys for Defendants and Counterclaimants,
MAURIZIO ZANETTI and NEVAGEN, LLC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARA GERLONI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,<br><br>Defendant. | **CASE NO. 07 CV 2366 JLX(CAB)**<br><br>**EX PARTE APPLICATION TO STAY THE CASE UNTIL MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL IS HEARD** |
| MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>MARA GERLONI, an individual<br><br>Counterclaim Defendant.. | **JUDGE: HON. JANIS L. SAMARTINO**<br><br>**MAGISTRATE JUDGE: HON CATHY A. BENCIVENGO** |

**REQUEST**

Maurizio Zanetti (hereinafter "Zanetti") and Nevagen, LLC (hereinafter "Nevagen") (sometimes hereinafter collectively referred to herein as "Defendants") hereby apply *ex parte* for an order staying the case until Defendants' motion to Disqualify Plaintiff's counsel is heard.

**BASIS FOR REQUEST**

At the mandatory meeting of counsel in advance of the Early Neutral Evaluation Conference (ENE), Luce Forward was requested to voluntarily withdraw as counsel for plaintiff Mara Gerloni based on its prior representation of Maurizio Zanetti in 2000/2001 on matters that are substantially similar to matters raised in this action. Todd Kinnear, who attended that conference for Luce Forward, stated that his firm would not voluntarily withdraw as counsel of record.

Based on this, Defendants will be filing a motion to disqualify Luce Forward from representing Mara Gerloni in this case based on an ethical conflict under the California Rules of Professional Conduct.

This is an action by Mara Gerloni asserting three claims: co-inventorship of patents that were assigned by the University of California San Diego (UCSD) to Maurizio Zanetti; unjust enrichment by Dr. Zanetti for money that he has made from the patents; conversion of benefits that Ms. Gerloni claims should have accrued to her because of her co-inventorship.

I have reviewed declarations that will be filed with the motion to disqualify Luce Forward. These have been prepared by Dr. Zanetti and Milton J. Silverman, who dealt with the Luce Forward firm as it related to Dr. Zanetti when Luce Forward represented Dr. Zanetti in 2000/2001.

I have also reviewed a substantial amount of documentation that will be submitted in support of the motion to disqualify Luce Forward. This includes billing records from Luce Forward and documentation concerning the patents. There is substantial evidence that Dr. Zanetti was represented by Dr. Zanetti in 2000 and 2001 on issues relating to his patents. This involved communicating to Luce Forward a substantial amount of information regarding the development of the inventions and the facts surrounding those inventions. Luce Forward also clearly billed Dr. Zanetti for reviewing the assignment of patent rights from UCSD and actually had involvement on modifications to one of those release of patent rights documents.

The testimony under oath from Dr. Zanetti and Mr. Silverman will include substantial

discussion of a transaction that was developed by Luce Forward's partner, Peter Hahn, which involved assigning Dr. Zanetti's patent rights to European corporations and then licensing them.

In reviewing the complaint, it is clear that plaintiff is asserting co-inventorship claims in the very patents that were reviewed by Luce Forward. Luce Forward would have discussed in great detail with Dr. Zanetti these patents according to his testimony that will be filed with the court in support of his motion to disqualify. The unjust enrichment and conversion claims relate to the commercial exploitation of the patents in a transaction that was recommended by Luce Forward.

This request for stay is premised upon a desire to preclude Luce Forward from being any further involved in this matter than has already occurred. They should not participate in the Early Neutral Evaluation Conference, or the scheduling conference, if they are not going to be the attorneys in the case. That will be resolved by the court in ruling on the motion to disqualify.

This ex parte application for stay of the case is not brought for purposes of delay or any other improper purpose.

Plaintiff's counsel did / did not stipulate to a stay of the case pending the outcome of the motion to disqualify.

Dated: April 29, 2008

Respectfully submitted,

LAW OFFICES OF ROBERT P. OTTILIE

By: ______________________

Robert P. Ottilie
Attorney for Defendants and Counterclaimants,
MAURIZIO ZANETTI and NEVAGEN, LLC

**DECLARATION OF ROBERT P. OTTILIE**

I, Robert P. Ottilie, declare,

1. I am an attorney duly licensed to practice before all the courts of California and for the United States District Court for the Southern District of California, and am an active member of the California State Bar in good standing.

2. I am the attorney for Defendants in the above matter.

3. The motion to disqualify will be filed no later than Thursday, May 1, 2008. I want to file it Wednesday, April 30.

4. Attached hereto is a true and correct copy of Magistrate Judge's March 11, 2004 Order setting the ENE Conference for May 5, 2008.

I declare on penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 29th day of April, 2008 at San Diego, California.

Robert P. Ottilie