ROBERT P. OTTILIE, ESQ. (SBN 95845)
550 West "C" St., Suite 1400
San Diego, CA 92101
Telephone: 619-231-4841
Facsimile: 619-231-3293

Attorneys for Defendants and Counterclaimants,
MAURIZIO ZANETTI and NEVAGEN, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARA GERLONI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada Corporation,<br><br>Defendants.<br>_______________________________<br>MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada Corporation<br><br>Counterclaimants,<br><br>vs.<br><br>MARA GERLONI, an individual,<br><br>Counter Defendant.<br>_______________________________ | CASE NO. 07-CV 2366 JLX (CAB)<br><br>**EX PARTE APPLICATION TO FILE RECORDS UNDER SEAL**<br><br>Judge: Hon. Janis L. Samartino<br><br>Magistrate Judge: Hon. Cathy A. Bencivengo |

**REQUEST**

Maurizio Zanetti (hereinafter "Zanetti") and Nevagen, LLC (hereinafter "Nevagen") (sometimes hereinafter collectively referred to herein as "Defendants") hereby apply *ex parte* for an order allowing all documents related to the motion to disqualify Luce Forward to be filed under seal.

**APPLICATION**

Defendants have completed, and are prepared to file, a substantial motion to disqualify Luce Forward from representing the Plaintiff, Mara Gerloni. Defendant Maurizio Zanetti was previously represented by Luce Forward on the exact same issues that are raised in *all* four causes of action filed by Ms. Gerloni here. By ex parte application filed on April 28 2008, Defendants asked that the Court stay all activity in this case until the Court could hear the motion to disqualify Luce Forward. The court granted that request on April 29, 2008.

This request to seal would apply only to the motion to disqualify Luce Forward. A majority of the declarations and a substantial portion of the points and authorities are filled with testimony of conversations between Defendant Zanetti and Luce Forward and the testimony of attorney Milt Silverman (Zanetti's friend/former attorney) and Luce Forward. In addition, with few exceptions, the exhibits would all fall under the attorney-client privilege as well (retainer agreement; billing records; attorney generated internal memoranda; attorney generated stock agreements; attorney communications).

Based on the foregoing, Defendants apply to this Court for an order sealing all of the pleadings, declarations, and exhibits that will be submitted in a sealed envelope to the court (a copy of the documents in the envelope will be provided to Luce Forward, Dr. Zanetti's prior counsel and current counsel for plaintiff). It is also requested that the public be excluded from the argument on this motion.

Dr. Zanetti requests that these documents be sealed because they include a declarations of Dr. Zanetti and Milt Silverman, and exhibits, all of which address the conflict of interest of Luce Forward (Dr. Zanetti's former attorney) in representing the plaintiff in this action and as such, address the nature of the representation, the matters discussed with Luce Forward, confidences disclosed, and other matters. In addition, the points and authorities submitted in support of the motion quote liberally from, and often cite to, the declarations and therefore address a substantial amount of the communications shared by Dr. Zanetti with Luce Forward, as well as describing the nature of the work performed by Luce Forward for Dr. Zanetti.

The purpose of the motion is to protect Dr. Zanetti and to avoid any possible disclosure of confidential information learned by Luce Forward in its representation of Dr. Zanetti in 2000 and 2001. At that time, Luce Forward represented Dr. Zanetti in the very transaction and as to the same patents which give rise to the claims here. The purpose of the motion is to avoid violation of confidences; having to submit the motion as a public record would not only defeat the purpose of the motion, it would expose these confidences and the nature of the representation to the public as a whole.

The documents requested to be sealed are all of the papers that will be filed in support of the following and include:

1. The points and authorities which quote liberally from the declarations provided by Milton Silverman and Dr. Zanetti, which both address the confidential relation;
2. The declaration of Maurizio Zanetti submitted in support of the motion;
3. The declaration of Milton Silverman submitted in support of the motion;
4. Exhibits submitted in support the motion;

This request to seal is to enable Dr. Zanetti to support his claim that Luce Forward is conflicted in this action and provide the Court with the information it will need to resolve these issues raised by that motion. Dr. Zanetti does not wish to waive his attorney/client privilege and asks for this order sealing the record so the Court only would review the documents under seal, in an *in camera* inspection. The public would not have access to this motion, which addresses privileged communications and confidences. No policy supports the public seeing such documents, declarations, or arguments.

Attorneys for the plaintiffs will be provided copies of this motion so they may object and, if so, serve the basis for their objection.

Date: 4-30-08

S/ [signature]
ROBERT P. OTTILIE, ESQ.
Attorney for Defendants

## DECLARATION

1. I am an attorney licensed to practice law before all of the courts of the State of California and the United States Court for the Southern District of California. I am the attorney of record for Defendants and Counterclaimaints Maurizio Zanetti and Nevagen, LLC.

## The Overriding Interest

2. The pleadings that Defendants wish to file relate to Dr. Zanetti's attorney-client relationship with Luce Forward, their bills, his direction to them and their work for him, a description of services and transactions, and other matters that address the confidences that would be known to them as a result of the relationship. This is included in the two declarations (Zanetti and Silverman), the exhibits submitted therewith, and the points and authorities which quote liberally from the declarations. All of these communications and this information are, to my knowledge, protected by the attorney-client privilege. Evidence Code §954. The California Legislature has provided Dr. Zanetti with an expectation of confidentiality in his communications with his attorney. The justice system cannot function without maintaining the ability of attorneys and clients to communicate regarding a case without having to share that with third parties or the public.

3. The point of bringing the motion is to protect Dr. Zanetti's confidences. He should not have to give those up in order to bring the motion.

## Support for Sealing the Record

4. There is no need for anybody in the public to see the discussions between Dr. Zanetti's attorney and he and Mr. Silverman and to learn of the confidences he shared with them. They have no right under the law to access those communications, in discovery or otherwise. The dispute has arisen because Dr. Zanetti's former attorney is now representing the plaintiff in this action. He wants to disqualify them to protect confidences. In order to do so, Defendants need to get an order from the court. To get an order they have to share confidences with the court, but there is no reason for those confidences to go beyond the court.

5. No one will be prejudiced by keeping confidential communications that are already confidential. The public has no interest in Dr. Zanetti's relationship with the Luce Forward law firm. It is only for this Court to see that information to decide if there is a potential for a violation of confidences. There is.

6. Dr. Zanetti's relationship with Luce Forward is a private relationship that the California Legislature has recognized should remain private.

**A Substantial Probability Exists That the Overriding Interests Will be Prejudiced if the Record is Not Sealed**

7. If the record is not sealed and Dr. Zanetti has to submit all of these documents as part of the public record, and argue the case in public, he would be prejudiced because he would have to disclose the entire nature of his attorney-client relationship with the Luce Forward law firm to the public when no law or policy favors disclosure. All law and policy favors confidentiality. He would either have to disclose all of these confidences (the point of the motion is to keep from having those confidences revealed) or simply not support his motion with facts, and therefore, presumably lose the motion. He would have to potentially waive his attorney-client privilege to assert the claims in his motion, which is designed to protect the attorney-client privilege.

**The Proposed Sealing is Narrowly Tailored**

8. The proposed sealing and the effort to have the oral argument confidential is narrowly tailored and is dictated by the motion itself. The motion relates to the representation by Luce Forward of Dr. Zanetti in 2000 and 2001. The majority of the declarations, the exhibits, and the points and authorities spell out for this Court that relationship so that the Court can determine whether the allegations in the existing complaint, and Luce Forward's representation of the current plaintiff, dictates removal of Luce Forward from that representation and their disqualification from the case.

9. Every effort has been made to avoid any discussion of the case beyond that necessary to highlight the allegations in the complaint so that the Court can see how they relate back to the representation by Luce Forward of Dr. Zanetti in 2000 and 2001. No effort is made to discuss the merits of the case.

**No Less Restrictive Means Exist to Achieve the Overriding Interest**

10. I am unaware of any other means that exist to achieve this overriding interest of maintaining confidentiality and protecting the privileged communications of my attorney-client relationship. The only other method would be to not submit the information to the Court, but then the Court would not have all the facts to make the correct decision in the case.

**CONCLUSION**

It is respectfully requested that this Court grant the motion to seal all documents, pleadings and declarations filed by either side under seal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 30 day of April, 2008 at San Diego, California.

S/ [signature]

ROBERT P. OTTILIE, ESQ.
Attorney for Defendants