Robert P. Ottilie (SBN 95845)
LAW OFFICES OF ROBERT P. OTTILIE
550 West C Street
Suite 1400
San Diego, CA 92101
Telephone: 619-231-4841
Facsimile: 619-231-3293
e-mail: ro@ottilielaw.com

Attorneys for Defendants and Counterclaimants,
MAURIZIO ZANETTI and NEVAGEN, LLC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARA GERLONI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,<br><br>Defendant. | **CASE NO. 07 CV 2366 JLS(CAB)**<br><br>**ZANETTI AND NEVAGEN'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COUNTERCLAIM** |
| MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>MARA GERLONI, an individual<br><br>Counterclaim Defendant.. | **Date: June 19, 2008**<br>**Time: 1:30 pm**<br><br>**JUDGE: HON. JANIS L. SAMARTINO**<br><br>**MAGISTRATE JUDGE: HON CATHY A. BENCIVENGO** |

/ / /

Maurizio Zanetti (hereinafter "Zanetti") and Nevagen, LLC (hereinafter "Nevagen") (sometimes hereinafter collectively referred to herein as "Defendants" or "Counterclaimants") hereby respectfully moves the Court for leave to amend their Counterclaims.

## I.

## PRELIMINARY STATEMENT

Federal judicial policy strongly favors allowing the parties to a lawsuit leave to amend their pleadings, and leave to amend is to be freely given when justice so requires. Only when an opposing party makes a showing of undue prejudice, or a bad faith or dilatory motive on the part of the party seeking leave may a motion for leave to amend be denied. Counterclaimants seek leave to file an amended Counterclaim in this action due to a minor error of requesting damages as a remedy in their Cal. Bus. & Prof. Code § 17200 claim. The amended complaint changes paragraph 47 in Counterclaim 3 and paragraph 3 in the Prayer for Relief to make it clear that only an injunction and restitution are requested. These two remedies were already requested in the initial complaint. Accordingly, no prejudice will result to defendant by allowing Counterclaimants to file the proposed amended counterclaim and the Court should grant this motion in the interests of justice, efficiency and judicial economy. Counterclaimants lodge herewith the Proposed First Amended Counterclaim and file concurrently herewith an Opposition to Gerloni's Motion to Strike, which involves the same issues.

## II.

## PERTINENT FACTS

Plaintiff Maria Gerloni (hereinafter "Gerloni") filed this action alleging ownership of technology related to antibodies and immunization directed to cancer and certain pathogens. [Complaint, ¶ 9]. Gerloni brought causes of action for Correction of Inventorship of an issued patent and patent applications, Conversion, and Unjust Enrichment. [Complaint, ¶ ¶ 29 – 51].

Counterclaimants filed an Answer to the Complaint and filed Counterclaims including Declaratory Judgment of Patent Ownership, Copyright Infringement, and Unfair Practices under § 17200. [Counterclaim, ¶ ¶ 22 – 47]. In the Third Count, under § 17200, Counterclaimants inadvertently included a request for "compensatory and punitive damages." [Counterclaim, ¶ 47]. Likewise, the Prayer for Relief requested "an accounting of damages." [Counterclaim, Prayer ¶ 3]. But Counterclaimants also correctly requested an injunction and restitution. [Counterclaim, ¶ 46].

Since there is good cause to allow Counterclaimants to file their proposed amended counterclaims, and no valid reason for Gerloni to oppose it, Counterclaimants ask this Court for leave to file the proposed amend Counterclaim.

## III.

## ARGUMENT

### A. Leave to Amend is to be Granted Liberally

Federal Rule of Civil Procedure 15(a) provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served…Otherwise a party may amend the party's own pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires….

The United States Supreme Court has reaffirmed that the import of this rule is that leave to file an amended pleading is to be granted freely whenever justice so requires. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also DCD Programs, Ltd. v. Leighton* 833 F.2d 183, 186 (9th Cir. 1987); *Genentech, Inc. v. Abbott Lab.* 127 F.R.D. 529, 530 (N.D. Cal. 1989). The Ninth Circuit has declared that the policy of favoring amended pleadings pursuant to Rule 15 "should be applied with 'extreme liberality,'" *DCD Programs*, *supra,* 833 F.2d at 186 (citations omitted), and that there is a "strong policy" in this circuit "to permit the amending of pleadings." *Sweaney v. Ada County*, 119 F.3d 1385, 1392 (9th Cir. 1997) (citations omitted).

Courts consider several factors in determining whether to grant leave to amend a complaint: (1) whether the moving party is acting in bad faith; (2) whether there has been undue delay; and (3) whether prejudice will result to the opposing party by allowing the amendment. *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir. 1999); *Sweaney, supra,*119 F.3d at 1392. "Delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, supra,* 833 F.2d at 186; *Gennentech, supra,* 127 F.R.D. at 530; *See also Islamic Rep. of Iran v. Boeing Co.*, 771 F.2d 1279, 1287 (9th Cir. 1985) (finding two-year delay was insufficient); *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973) (finding five-year delay was insufficient). The primary concern in deciding whether to grant leave to amend is to avoid prejudice to the nonmoving party. *Id.* Where, as here, prejudice is lacking and the amended complaint is obviously not frivolous or a dilatory maneuver, a court must grant leave to amend. *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511-12 (9th Cir. 1991).

1. The Amended Complaint Will Not Prejudice Gerloni

Gerloni will not be prejudiced by an amendment the entire extent of which is the removal of an admittedly improper request for damages. Gerloni will not be prejudiced by this amendment because ¶ 3 of the prayer and ¶¶ 46 and 47 of the initial Counterclaims already included the two remaining request for the remedies of injunction and restitution.

In addition, Gerloni will suffer no prejudice as a result of the filing of the proposed amended complaint because this case is still in its early stages, with discovery not even yet begun. Gerloni has ample time to conduct discovery and prepare this case for trial.

2. There Is No Evidence of Bad Faith

As discussed above, Counterclaimants are seeking leave to file their amended counterclaim to correct a minor error in the request for remedies. The proper request was

already included in the initial Counterclaims. Counterclaimants are not seeking leave to file their amended complaint in bad faith, to harass Gerloni or to delay these proceeding. Rather, leave is sought to correct an inadvertent mistake, the consequence of which is to drop a damage claim against Gerloni.

3. Counterclaimants Did Not Unduly Delay in Requesting Leave to Amend

The initial complaint was only filed on December 18, 2007 and a trial date has not yet been set. Therefore, Counterclaimants have not unduly delayed bringing this motion (*see Islamic Rep. of Iran v. Boeing Co., supra,* 771 F.2d at 1287; *Howey v. United States, supra,* 481 F.2d at 1190-91). In fact, Counterclaimants are bringing this motion right in the middle of the briefing schedule of the Gerloni's motion to strike which pointed out the mistaken claim for damages and the Court should therefore grant Counterclaimants' request for leave to file their amended complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.

## CONCLUSION

For the foregoing reasons, Counterclaimants request that the Court grant leave to amend their Counterclaims as presented in the Proposed First Amended Counterclaims lodged herewith and as discussed above, that the lodged First amended Complaint be deemed filed and served, and that Counterclaim Defendant Gerloni be ordered to answer the First amended Complaint within ten (10) days of the entry of the court's order granting this motion.

Dated: May 9, 2008

Respectfully submitted,

LAW OFFICES OF ROBERT P. OTTILIE

By: /s/Robert P.Ottilie

Robert P. Ottilie
Attorney for Defendants and Counterclaimants,
MAURIZIO ZANETTI and NEVAGEN, LLC