Robert P. Ottilie (SBN 95845)
LAW OFFICES OF ROBERT P. OTTILIE
550 West C Street
Suite 1350
San Diego, CA 92101
Telephone: 619-231-4841
Facsimile: 619-231-3293
e-mail: ro@ottilielaw.com

Attorneys for Defendants and Counterclaimants,
MAURIZIO ZANETTI and NEVAGEN, LLC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARA GERLONI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,<br><br>Defendant. | **CASE NO. 07 CV 2366 JLS(CAB)**<br><br>**ZANETTI AND NEVAGEN'S OPPOSITION TO GERLONI'S MOTION TO STRIKE** |
| MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>MARA GERLONI, an individual<br><br>Counterclaim Defendant.. | **Date: May 23, 2000**<br>**Time: 10:30 a.m.**<br>**Place: Courtroom 6**<br><br>**JUDGE: HON. JANIS L. SAMARTINO**<br><br>**MAGISTRATE JUDGE: HON CATHY A. BENCIVENGO** |

/ / /

Maurizio Zanetti (hereinafter "Zanetti") and Nevagen, LLC (hereinafter "Nevagen") (sometimes hereinafter collectively referred to herein as "Defendants" or "Counterclaimants") hereby oppose Counterclaimant Defendant Mara Gerloni's (hereinafter "Gerloni") Motion to Strike.

## I. INTRODUCTION AND FACTUAL BACKGROUND

Counterclaimant Defendant Gerloni has filed a Motion to Strike paragraphs 46 and 47 from Counterclaimants' Counterclaim under Cal. Bus. & Prof. Code § 17200 based on Counterclaimants' incorrect request for damages that was in addition to their proper requests for an injunction and restitution. This is an attempt at procedural gamesmanship that should not be tolerated. Had Gerloni's counsel simply called Counterclaimants' counsel about the issue and stipulated to the change in the counterclaims this issue would have been easily resolved without the intervention of the Court. Instead, Gerloni is attempting to essentially remove an entire counterclaim based on Counterclaimants' addition of one incorrect remedy request.

## II. ARGUMENT: THE PARAGRAPHS IN COUNTERCLAIMANTS' ENTIRE'S § 17200 CLAIM SHOULD NOT BE STRICKEN

### A. Defendants Have Moved to Amend the Counterclaim

Counterclaimants recognize an error was made in their Counterclaims in requesting the remedy of damages for the § 17200 California Unfair Practices Act claim in ¶ 47 of the Counterclaims and in ¶ 3 of the Prayer for Relief. This was an inadvertent error. Counterclaimants will have submitted a Motion to Amend the Counterclaims to correct this minor error by removing the offending portion of paragraph 47. It should be noted that the correct two remedies under § 17200, an injunction and restitution, were also requested in the Counterclaims at ¶ 46 and there is no reason to remove those requests for appropriate remedies.

/ / /

### B. Motion to Strike Is Improper

Gerloni argues that ¶ ¶ 46 and 47 of Counterclaimants' Counterclaim 3 under § 17200 should both be stricken. Counterclaimants agree that portions of the incorrect prayers for relief may be stricken but, as pointed out above, Counterclaimants did, indeed, make the proper request for injunction and restitution, in ¶ 46, along with the improper request for damages in ¶ 47 and the Prayer, which is addressed in Counterclaimants' Motion to Amend.

But Gerloni takes this theory one step further in requesting that ¶ 46 be stricken under an analysis of the facts of the case. See Gerloni Motion, Section III (Argument), subparagraph B. Paragraph 46 of Defendants' Counterclaim properly requests the remedies of restitution and injunction. But Gerloni asks this Court, on a motion to strike, to analyze the factual underpinnings of Defendants' § 17200 claim. Of course, such an analysis is not proper on a Motion to Strike, and would be more properly considered on, for example, a Rule 12(b)(6) motion (also not factually justified in this case), which would include an analysis under the legal standards for such a motion. Gerloni makes no such motion nor provides any such analysis.

### C. Restitution is an Appropriate Remedy in this Case

Even if the Court considers this improper motion to strike, Gerloni has not shown that restitution is not a possibility under Defendants' § 17200 counterclaim.

Section 17203 authorizes courts to make: "such orders or judgments as may be necessary ... to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person ... any money or property, which may have been acquired by means of such unfair competition."

The courts have given a liberal reading to the remedial provisions of §§ 17200 and 17500, consistent with the "cleansing power" purposes of the statute. This "detergent theory" of §§ 17200 and 17500 has been recognized by the California Supreme Court: "The general

equitable principles underlying § 17535 (and presumably also § 17203) as well as its express language arm the trial court with the cleansing power to order restitution to effect complete justice." *Fletcher v. Security Pac. Nat'l Bank* (1979) 23 C3d 442, 449, 153 CR 28, 32; accord, *Cortez v. Purolator Air Filtration Prods. Co.* (2000) 23 C4th 163, 179, 96 CR2d 518, 529—discussing courts' broad powers to fashion relief. The California Supreme Court has held that "a court of equity may exercise the full range of its inherent powers in order to accomplish complete justice between the parties, restoring if necessary the status quo ante as nearly as may be achieved." *People v. Sup.Ct. (Jayhill Corp.)* (1973) 9 C3d 283, 286, 107 CR 192, 194.

As the court of appeal wrote: "[I]t would be impossible to draft in advance detailed plans and specifications of all acts and conduct to be prohibited, since unfair or fraudulent business practices may run the gamut of human ingenuity and chicanery." *People ex re. Mosk v. Nat'l Research Co.* (1962), 201 Cal. App.2d 765, 772. Thus, "§ 17535 vests the trial court with broad authority to fashion a remedy that will prevent unfair trade practices and will deter the defendant and others from engaging in such practices in the future." *People v. Toomey* (1984) 157 CA3d 1, 20, 203 CR 642, 654; see also *McConnell v. Merrill, Lynch, Pierce, Fenner & Smith, Inc*. (1983) 33 C3d 816, 821, 191 CR 458, 462.

Gerloni has presumably gained monetary compensation due to her unlawful acts in claiming inventorship in the technology claimed in the '462 patent, the '778 application and the '477 application, including, for example, her appointment as President of CBI and has received compensation due to it. Defendants have the right to pursue this cause of action, including discovery of the compensation Gerloni has actually received due to her actions. [1]

Gerloni argues that she has nothing to restore to Defendants. But restitution does not require tracing of money, i.e., proof that money received was in fact obtained as a direct result of

[1] Counterclaimants asserted Gerloni is CEO of CBI and that she has made the representations regarding inventorship of the technology-at-issue as part of her business practices to further her own personal business interests. See Counterclaim, ¶ 44.

the unlawful business practice. *Fletcher v. Security Nat'l Bank*, supra, 23 C3d at 450–451, 153 CR at 32–33; *People v. Fremont Life Ins. Co.* (2002) 104 CA4th 508, 531, 128 CR2d 463, 482; *Massachusetts Mutual Life Ins. Co. v. Sup.Ct.* (2002) 97 CA4th 1282, 119 CR2d 1990.

The Supreme Court has noted that disgorgement is the only nonpunitive monetary remedy available under the UCL. If there has been no showing of a defendant's actual receipt of any moneys, there is, by definition, nothing to "disgorge." *Bank of the West v. Sup.Ct.* (1992) 2 C4th 1254, 1266, 10 CR2d 538, 545–546, In this case though, Defendants have alleged that Gerloni's acts have led to furtherance of her own personal business interests and those of her employer CBI. Gerloni has been employed as President of CBI presumptively based, at least partly, on her claimed ownership/inventorship of the technology-at-issue and claimed in U.S. Patent No. 7,279,462, Application Serial Nos. 11/640,778 and 11/713,477. Actual receipt of monies as compensation from her employer CBI is likely to be shown in this case. Moreover, there may well be additional compensation Gerloni has received as a result of her unlawful claim of inventorship in the technology-at-issue and the other acts outlined in ¶ 44 of Counterclaimants' Counterclaim 3:

> Counterclaimants are informed and believe that Gerloni is CEO of CBI and has made the above-referenced representations as a part of a business practice to further her own personal business interests and that Gerloni has directed CBI to seek governmental approvals based upon miss-statements, improper data, and unauthorized use of Zanetti's name, technology, research data, patents, and copyrighted works.

It is important to note that, even if Counterclaimants are not able to prove they are entitled to restitution under § 17200, an injunction is still an appropriate remedy and was properly requested in Counterclaimants' Counterclaim ¶ 46. As to injunctive relief, the Legislature "intended ... to permit courts to enjoin ongoing wrongful business conduct in whatever context such activity might occur." *Barquis v. Merchants Collection Ass'n* (1972) 7

C3d 94, 111, 101 CR 745, 757; see also *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 C3d 197, 210, 197 CR 783, 790–791. As such, because injunctive relief is an appropriate remedy under this cause of action, ¶ 46 of Counterclaimants' Counterclaim should not be stricken under Gerloni's theory that no restitution is possible.

**D. Conclusion**

For the above-stated reasons, Counterclaimants respectfully request the Court deny Gerloni's motion to strike.

Dated: May 9, 2008

Respectfully submitted,

LAW OFFICES OF ROBERT P. OTTILIE

By: /s/Robert P. Ottiile

Robert P. Ottilie
Attorney for Defendants and Counterclaimants,
MAURIZIO ZANETTI and NEVAGEN, LLC