Lawrence J. Kouns, State Bar No. 095417
Mitchell P. Brook, State Bar No. 172105
Todd R. Kinnear, State Bar No. 208831
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for Plaintiff Mara Gerloni

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARA GERLONI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,<br><br>Defendants. | Case No. 07 CV 2366 JLS CAB<br><br>**PLAINTIFF'S *REPLY* MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF COUNTERCLAIM**<br><br>Fed.R.Civ.Pro. 12(f)<br><br>Date: May 23, 2008<br>Time: 10:30 a.m.<br>Courtroom: 6<br><br>Judge: Honorable Janis L. Samartino<br><br>Magistrate Judge:<br>Hon. Cathy A. Bencivengo |

## I. INTRODUCTION

Defendant Maurizio Zanetti has recently filed two pleadings. The first is an opposition (the "Opposition") to plaintiff Dr. Gerloni's instant motion to strike portions of the counterclaim; the second is a separate motion for leave to amend his counterclaim. In his Opposition, Zanetti does not dispute that he is not entitled to compensatory and punitive damages pursuant to his Business and Professions Code section 17200 *et. seq*. (the "UCL") cause of action. He argues only that a UCL plaintiff is entitled to restitution. As set forth in the moving papers, and in more detail herein, while the UCL may entitle a claimant to restitution if the factual basis pled provides for it, Zanetti himself is not.

As a result, the instant motion should be granted in its entirety. And, as set forth below, the proposed amended counterclaim (apparently) still improperly seeks restitution.[1] Thus, this Court should simply grant this motion, strike the offending language from the counterclaim, and deny plaintiff leave to amend his counterclaim to reallege it.

## II. ARGUMENT

### A. Zanetti is Not Entitled to Damages Under the UCL

Zanetti's Opposition concedes that he is not entitled to compensatory or punitive damages under the UCL. He notes instead that he accidentally or "inadvertently" alleged it. Regardless of why it is in there, the Court can, as a result, strike the following language from paragraph 47 of the counterclaim: "compensatory and punitive damages, in an amount to be determined."

### B. Zanetti is Not Entitled to Restitution

Zanetti's Opposition, however, argues that he is entitled to restitution. Zanetti confuses the broad scope of what may be considered to be unfair competition within the meaning of the UCL, and the remedies available thereunder. In fact, most of the argument in opposition is

---

[1] Zanetti claims in his motion to amend that he has lodged the proposed amended complaint. If this is correct, Plaintiff did not receive it. Nor does it appear on the Court's website. In any event, according to the motion to amend itself, the proposed amended counterclaim continues to include a request for restitution, which, as noted in this motion, is unavailable to Zanetti.

directed only toward the scope of what can be considered "unfair" or "unlawful" under the UCL. For purposes of this motion, Dr. Gerloni does not necessarily disagree that the scope of conduct covered by the UCL may be broad. However, what is relevant is the fact that "its remedies are limited." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003). As set forth in the moving papers, the only monetary relief available to a UCL plaintiff is restitution. *See id.* at 1147; Bus. & Prof. Code § 17203. Here, Zanetti failed to plead any facts that would entitle him to such relief. Simply put, there are no allegations that Zanetti has given up anything that is now in Plaintiff's possession, a prerequisite to an award of restitution.[2]

Specifically, Zanetti argues that Plaintiff "has presumably gained monetary compensation due to her unlawful acts in claiming inventorship in the technology claimed in the '462 patent." Opp., p. 4:19. This is completely irrelevant. As set forth below, that monetary gain would be simply damages to which a UCL claimant is not entitled, not restitution. *See Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1266 (1992).

In contrast, any restitution award has to "represent money that once had been in the possession of the person to whom it [is] to be restored." *Cortez v. Purolator Air Filtration Products, Co.,* 23 Cal.4th 163, 177 (2000). In other words, "[t]he offending party must have obtained something to which it was not entitled and the victim must have given up something which he or she was entitled to keep." *Day v. AT&T Corp.*, 63 Cal.App.4th 325, 340 (1998). Here, even if Plaintiff somehow benefited from the conduct alleged in the cross-complaint (or "gained monetary compensation" as Zanetti argues), there is absolutely no allegation that she is in possession of any money that was once in Zanetti's possession, as there must be. *See Day v. AT&T Corp.*, 63 Cal.App.4th 325, 340 (1998) ("The offending party must have obtained something to which it was not entitled and the victim must have given up something which he or she was entitled to keep.").

[2] Zanetti argues in opposition that striking the request for restitution would require this court "to analyze the factual underpinnings of Defendants' § 17200 claim." Opp., p. 3:11-12). This is not true. The motion only asks the Court to analyze what Zanetti has plead, and determine whether there is any basis thereon for an award of restitution under the UCL.

Though not entirely clear, Zanetti also appears to argue that restitution does not require tracing. Opp., p. 4:25-5:3. Zanetti however misreads the case he cited for this proposition, and over-emphasizes its import. Instead, the issue in *Fletcher v. Security Pac. Nat'l Bank*, 23 Cal.3d 442, 450-51 (1979) was whether the plaintiff had to show that the interest he and class members paid to a bank based on a 360 day calendar year "has been acquired" as a result of the unlawful practice, or alternatively, whether it "may have been acquired" by the unlawful practice. The Court held the later. There is no question however, that the fees the class members paid to the bank in *Fletcher* constituted money, in the bank's possession, that used to be in the plaintiffs' possession, which could be "restored" to those plaintiffs. Such facts are clearly distinguishable from Plaintiff's salary as president of Cosmo Bioscience, Inc., which Zanetti improperly argues in opposition are up for grabs under the guise of "restitution." *See* Opp., p. 5:13.[3]

Finally, Zanetti makes the incredible claim that "disgorgement is the only nonpunitive monetary remedy available under the UCL." Opp., p. 5:4. This claim in fact has been resoundly *rejected* by California law, absent a showing that the money or profits the UCL plaintiff seeks to "disgorge" would in fact *also constitute restitution* to either the plaintiff or a class he represents. *See Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal.App.4th 997, 603 (2005) *quoting Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003) ("We hold that nonrestitutionary disgorgement of profits is not an available remedy in an individual action under the UCL.").

Under any scenario, Zanetti needs to plead facts demonstrating that the remedy he seeks "represent[s] money that once had been in the possession of the person to whom it [is] to

---

[3] A rule dispensing with a "tracing" requirement, even if it did exist, would help, say, a plaintiff who purchases an article of clothing from a store in reliance upon false representations in an advertisement by the clothes manufacturer itself. While the plaintiff may not be able to "trace" his funds from the store directly to the manufacturer, arguably, restitution would be available based on the upflow of money from the store to the manufacturer. That is again, however, completely different than the facts Zanetti presents here, in which he seems to argue only that Gerloni benefited from her conduct by way of salary, benefits, etc. Dispensing with the tracing requirement does not dispense with the prerequisites of pleading facts indicating that money once in Zanetti's possession, has found its way to Gerloni.

be restored." *Cortez*, *supra,* 23 Cal.4th at 177. He has not done so, and the motion to strike should be granted.

## III. CONCLUSION

For each of the foregoing reasons, this motion should be granted, and Zanetti's request for restitution and damages in his Third Cause of Action should be stricken.

DATED: May 16, 2008

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /s/ Todd R. Kinnear
Lawrence J. Kouns
Mitchell P. Brook
Todd R. Kinnear
Attorneys for Plaintiff Mara Gerloni

101093397.1

Lawrence J. Kouns, State Bar No. 095417
Mitchell P. Brook, State Bar No. 172105
Todd R. Kinnear, State Bar No. 208831
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for Plaintiff Mara Gerloni

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARA GERLONI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,<br><br>Defendants. | Case No. 07 CV 2366 JLS CAB<br><br>**PROOF OF SERVICE**<br><br>Fed.R.Civ.Pro. 12(f)<br><br>Judge: Honorable Janis L. Samartino<br>Courtroom: 6<br><br>Magistrate Judge:<br>Hon. Cathy A. Bencivengo |

I declare as follows:

I am an attorney with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372. I am a member of the bar of this court, over the age of eighteen years and not a party to this action.

On May 16, 2008, I caused the following to be served:

**PLAINTIFF'S *REPLY* MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF COUNTERCLAIM**

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Todd R Kinnear**
  tkinnear@luce.com,revans@luce.com

- **Lawrence J Kouns**
  lkouns@luce.com,revans@luce.com
- **Robert P Ottilie**
  ro@ottilielaw.com,vivian@ottilielaw.com

I declare that I am employed in the office of at whose direction the service was made.

Executed at San Diego, California on May 16, 2008.

s/Lawrence J. Kouns
Attorneys for Plaintiff

3759589.1