Robert P. Ottilie (SBN 95845)
LAW OFFICES OF ROBERT P. OTTILIE
550 West C Street
Suite 1350
San Diego, CA 92101
Telephone: 619-231-4841
Facsimile: 619-231-3293
e-mail: ro@ottilielaw.com

Attorneys for Defendants and Counterclaimants,
MAURIZIO ZANETTI and NEVAGEN, LLC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARA GERLONI, an individual,<br>Plaintiff,<br>vs.<br>MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,<br>Defendant. | **CASE NO. 07 CV 2366 JLX(CAB)**<br><br>**DEFENDANTS MAURIZIO ZANETTI AND NEVAGEN, LLC'S FIRST AMENDED COUNTERCLAIMS AGAINST MARA GERLONI** |
| MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,<br>Counterclaimants,<br>vs.<br>MARA GERLONI, an individual<br>Counterclaim Defendant.. | **JUDGE: HON. JANIS L. SAMARTINO**<br><br>**MAGISTRATE JUDGE: HON CATHY A. BENCIVENGO** |

Counterclaimant Maurizio Zanetti ("Zanetti") and Counterclaimant Nevagen, LLC. ("Nevagen") (Zanetti and Nevagen hereinafter sometimes collectively referred to as "Counterclaimants"), for their First Amended Counterclaims against Mara Gerloni, (hereinafter referred to as "Counterclaim Defendant" or "Gerloni"), hereby allege as follows:

## JURISDICTION AND VENUE

1. This civil action for declaratory judgment of patent inventorship is brought pursuant to 28 U.S.C. §§ 2201-2202 and the patent laws of the United States, 35 U.S.C. §§ 1, et seq. Further, this is an action for damages for copyright infringement under 17 U.S.C. § 101 et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400, in that Counterclaim Defendant is found in this judicial district.

## THE PARTIES

3. Counterclaimant Maurizio Zanetti is an individual residing in San Diego, California.

4. Counterclaimant Nevagen, LLC is a Nevada Limited Liability Company with its principle place of business at San Diego, CA.

5. Counterclaimants are informed and believe, and on that basis allege, that Counterclaim Defendant Gerloni is an individual residing in San Diego, California.

## GENERAL ALLEGATIONS

6. Counterclaimant Zanetti is an internationally recognized research immunologist.

7. In 1986, Zanetti developed the idea of using genetically engineered antibodies and cells to trigger cellular immunity in order to develop a vaccine, e.g., for cancer (hereinafter "cancer vaccine research").

8. From and during the years of 1986 to today, Zanetti worked on further developing his idea, including making the first public presentation of the idea at a conference entitled "Idiotypes and Disease" in Udine, Italy in September 1990.

9. Zanetti consulted with a patent attorney in 1998 and a provisional patent application entitled "Somatic Transgene Immunization with DNA Encoding an Immunoglobulin Heavy Chain was filed April 27, 1998, as Serial Number 60/083,154 ("the '154 application").

10. The '154 provisional application was filed as a utility application April 27, 1999 as Serial Number 09/300,959 ("the '959 application") and matured into U.S. Patent No.

7,279,462 ("the '462 patent") on October 9, 2007.

11. Zanetti has further filed two continuation applications, claiming priority of the original '154 application filing date for application Serial Number 11/640,778 ("the '778 application"), filed December 18, 2006, and Serial Number 11/713,477 ("the '477 application") filed March 1, 2007.

12. The '154 application, '959 application, '462 patent, '778 application, and '477 application are hereinafter together referred to as "the Zanetti Filings."

13. Zanetti solely, and specifically without Gerloni, conceived of the invention claimed in the Zanetti Filings.

14. Counterclaim Defendant Gerloni came to California to work with Zanetti as a postgraduate researcher in 1993.

15. Upon Gerloni's entrance into the United States, Gerloni presented to the United States Immigration and Naturalization Service her objective of working on "Immunology of Proteins that Mimic Sugars"

16. After Gerloni arrived at UCSD she continued her postgraduate research into sweet proteins.

17. Gerloni's first efforts on a cancer project was August 31, 1993 under the direction of Dr. Zanetti wherein she prepared reagents to be used in an experiment on October 26, 1993, some 6 years after Zanetti developed his concept for a principle of vaccination.

18. In accordance with UCSD policy, at one time, UCSD had ownership rights to the patents at issue in this lawsuit.

19. Zanetti after defeating a complaint of misconduct, settled with UCSD (Settlement and Amendment), which settlement included a release of patent rights and an assignment of the Zanetti patents to Zanetti.

20. Zanetti has since assigned all of the Zanetti Filings to Nevagen, Inc.

///

///

///

**COUNT 1**

**By Counterclaimants Against Gerloni**

**(Declaratory Judgment of Patent Inventorship)**

22. Counterclaimants repeat and reallege the allegations contained in Paragraphs 1 through 21 above.

23. Counterclaimants allege that Zanetti is the sole inventor of the invention claimed in the '462 patent, the '778 application and the '477 application.

24. Gerloni has alleged in the underlying Complaint that she is the inventor, or at least a co-inventor, of the technology of such patent and applications.

25. Nevagen has an interest in the status of its rights as the Assignee of the Zanetti Filings.

26. Counterclaimants and Gerloni have an actual case and controversy that is ripe for adjudication regarding the inventorship of such patent and applications.

27. Zanetti seeks declaratory judgment that he, Maurizio Zanetti, is the sole inventor of the invention claimed in such patent and applications.

28. Nevagen seeks a declaration that the assignment of the Zanetti Filings it received from Zanetti was a valid transfer of rights in the Zanetti Filings in that Zanetti had full rights of ownership to transfer the Zanetti Filings to Nevagen.

29. Counterclaimants allege that this is an exceptional case, and that Counterclaimants are entitled to recover their attorney's fees and the expenses they incurred in bringing this declaratory relief action.

**COUNT 2**

**By Zanetti Against Gerloni**

**(Copyright Infringement Under 17 U.S.C. § 101 et seq.)**

30. Zanetti repeats and realleges the allegations contained in Paragraphs 1 through 29 above.

31. Zanetti had authored and has applied for copyright registrations in the following Zanetti works entitled: A Phase 1, Escalating Dose.

32. The Zanetti Works are copyrightable subject matter under the laws of the United States.

33. The Zanetti Works includes a figure entitled The Immunogenic Epitopes:

34. Gerloni had had access to the Zanetti Works.

35. Zanetti is informed and believes that Gerloni directed, controlled and authorized the drafting of international patent application Publication No. WO 2008/017568 entitled "Plasmids with Immunological Action (hereinafter "the Infringing Work"). The Infringing Work was published internationally February 14, 2008.

36. Gerloni's application includes near identical substance and phraseology as Zanetti's Works.

37. Gerloni had no authority to use the Zanetti Works.

38. A substantial similarity, if not complete identity, of significant and fundamental aspects of the Zanetti Works are copied into Gerloni's infringing application as Figure 3 thereof plus explanations relating thereto in addition to other materials copied or paraphrased from Zanetti's original works of authorship.

39. On information and belief, Gerloni caused the publication of her Infringing application, and this publications constitutes copyright infringement, in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

40. On information and belief, Gerloni's copying was undertaken with full knowledge that Gerloni was copying Zanetti's works. Gerloni had notice and knowledge of Zanetti's ownership of the Zanetti's Works. Gerloni's copyright infringement is thereby and therefore intentional and willful.

41. By reason of the foregoing acts of copyright infringement, Zanetti has been monetarily injured in an amount not yet ascertained and Zanetti is entitled to injunctive relief plus his attorneys fees and the expenses he incurred by bringing this copyright infringement action.

///

///

## COUNT 3

**By Counterclaimants Against Gerloni**

**(California Unfair Practices Act**

**California Business & Professions Code §§ 17200, Et Seq.)**

42. Counterclaimants repeat and restate the allegations of the foregoing Paragraphs 1 through 41 as though fully set forth here in their entirety.

43. Counterclaims are informed and believe that Gerloni has violated and continues to violate, California Business & Professions Code Section §§ 17200, et seq. by asserting sole inventorship or co-inventorship in the Zanetti patent and applications and the right to licensing revenues therefrom, even though Zanetti is the sole inventor of the Zanetti's patent and applications and even though such were assigned to Zanetti through a settlement agreement. Gerloni is making these assertions in a business that is related to the business of Dr. Zanetti.

44. Counterclaimants are informed and believe that Gerloni, is CEO of CBI and has made the above-referenced representations as part of a business practice to further her own personal business interests and that Gerloni has directed CBI to seek governmental approvals based upon miss-statements, improper data, and unauthorized use of Zanetti's name, technology, research data, patents and copyrighted works.

45. The foregoing described acts by Gerloni are unlawful, unfair, mis-representative and constitute unfair business practices.

46. Counterclaimants are being injured by the unlawful acts of Gerloni, and these acts will continue to injure Counterclaimants unless Gerloni is enjoined by this Court, and unless Gerloni is ordered to pay restitution to Counterclaimants for Gerloni's unfair business practices.

47. Counterclaimants are entitled to a preliminary and permanent injunction to enjoin further acts of unfair business practices by Gerloni, and for restitution, in an amount to be determined.

PRAYER FOR RELIEF

Counterclaimants Zanetti and Nevagen pray for the following relief:

1. A declaration that Zanetti is the sole inventor of the '462 patent, the '778

application and the '477 application.

2. An accounting of profits and damages resulting from Gerloni's copyright infringement, and trebling and/or enhancement of such damages under the copyright laws as an exceptional case because of the knowing, intentional, willful, and wanton nature of Gerloni's conduct; specifically: an award to Zanetti of (i) an amount equal to the actual damages suffered by Zanetti as a result of Gerloni's infringement of his copyrights as provided for in 17 U.S.C. § 504(b); (ii) an amount equal to the profits earned by Gerloni as a result of her sales of Infringing Works as provided for in 17 U.S.C. § 504(b); (iii) statutory damages in the maximum amount of $150,000 for each of Gerloni's willful infringements of Zanetti's Works; (iv) pre-judgment interest and post-judgment interest; (v) attorney's fees as may be available under 17 U.S.C. § 505.

3. A finding that Gerloni committed acts of unfair business practices against Zanetti and Nevagen and that Zanetti is entitled to restitution.

4. A preliminary and permanent injunction preventing (i) Gerloni from making assertions of inventorship or other rights to the Zanetti Filings, (ii) Gerloni from acts which infringe Zanetti's copyrights; and (iii) Gerloni from unfairly competing with Counterclaimants.

5. An award of punitive damages for intentional and willful acts;

6. An award of interest, reasonable attorney's fees, and costs; and

7. Such other and further relief as the Court deems just and equitable under the circumstances.

Dated: March 9, 2008

LAW OFFICES OF ROBERT P. OTTILIE

By: /S/

Robert P. Ottilie
Attorney for Defendants and Counterclaimants,
MAURIZIO ZANETTI and NEVAGEN, LLC

# JURY DEMAND

Defendants and Counterclaimants hereby demand trial by jury.

Dated: March 9, 2008

LAW OFFICES OF ROBERT P. OTTILIE

By: /S/

Robert P. Ottilie
Attorney for Defendants and Counterclaimants,
MAURIZIO ZANETTI and NEVAGEN, LLC