Lawrence J. Kouns, State Bar No. 095417
Mitchell P. Brook, State Bar No. 172105
Todd R. Kinnear, State Bar No. 208831
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for Plaintiff Mara Gerloni

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARA GERLONI, an individual,

Plaintiff,

v.

MAURIZIO ZANETTI, an individual; and NEVAGEN, LLC, a Nevada corporation,

Defendants.

Case No. 07 CV 2366 JLS CAB

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF COUNTERCLAIM**

Fed.R.Civ.Pro. 12(f)

Date: August 28, 2008
Time: 1:30 p.m.
Courtroom: 6

Judge: Honorable Janis L. Sammartino

Magistrate Judge:
Hon. Cathy A. Bencivengo

## I. INTRODUCTION

On April 4, 2008, Plaintiff Mara Gerloni moved to strike portions of counterclaimants Maurizio Zanetti and his company Nevagen, LLC's (collectively, "Zanetti's") counterclaim. Therein, Plaintiff pointed out relevant case authority that clearly holds Zanetti is not entitled to restitution under the facts plead in his third cause of action under California's Business and Professions Code section 17200 *et seq.* (the "Unfair Competition Law," or "UCL"). With that motion pending, Zanetti requested leave to amend his counterclaim, which this Court granted on June 18, 2008 (Dkt. No. 28). Despite Plaintiff's earlier motion (i.e., the roadmap), Zanetti's First Amended Counterclaim (the "FACC") contains the same offending request.[1]

As a result, Plaintiff is forced to file this second Motion to Strike, again outlining for Zanetti why he is not entitled to restitution. For the reasons forth below, the Court should strike the offending language from paragraphs 46 and 47 of the FACC and Paragraph 3 of its Prayer for Relief.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(f), "upon motion made by a party within 20 days after the service of the pleading upon the party ... the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike may also be used to strike a prayer for relief where the damages sought are not recoverable as a matter of law. *See Tapley v. Lockweood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, fn. 34 (C.D. Cal. 1996) ("a motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law."); *and Wilkerson v. Butler*, 229 FRD 166, 172 (E.D. Cal. 2005)("A motion to strike is appropriate to address requested relief, such as punitive damages, which is not recoverable as a matter of law.").

///

///

[1] Zanetti's FACC simply omitted a request for compensatory and punitive damages under the UCL, which are not available, and which he claims to have "accidentally" pled.

**III. <u>Zanetti is Not Entitled to Restitution Under the Facts Pled</u>**

Zanetti improperly requests an order directing Plaintiff "to pay restitution" as a result of her alleged unfair business practices. *See* FACC, ¶¶ 46, 47, and Prayer, ¶ 3. While restitution *may*, in general terms, be an available remedy under the UCL, it is *not* an available remedy under the facts Zanetti has actually pled.

While the scope of conduct covered by the UCL may be broad, "its remedies are limited." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003). A plaintiff (or counterclaimant) is entitled only to restitution and injunctive relief. *See id.* at 1147; Bus. & Prof. Code § 17203 ("The court may make such orders or judgments ... as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition ... or as may be necessary to restore to any person in interest any money ... which may have been acquired by means of such unfair competition.").

"Restitution" under the UCL in turn encompasses only the return of "monies given to the defendant" by the plaintiff as a result of some unlawful, unfair or fraudulent practice (or in this case, money given to the plaintiff by the counterclaimant). *Korea Supply Co. supra*, 29 Cal.4th at 1148. The "restitution" remedy afforded under the UCL statute is therefore narrow: "[T]he object ... is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Id.* at 1149. The award therefore must "represent money that once had been in the possession of the person to whom it [is] to be restored." *Cortez v. Purolator Air Filtration Products, Co.*, 23 Cal.4th 163, 177 (2000). In other words, "[t]he offending party must have obtained something to which it was not entitled and the victim must have given up something which he or she was entitled to keep." *Day v. AT&T Corp.*, 63 Cal.App.4th 325, 340 (1998). Pleading only that one has been "injured," as Zanetti does (¶ 46), is simply insufficient. *See Bank of the West v. Superior Court*, 2 Cal.4th 1266 (1992) (damages are unavailable in UCL claim).

Here, Zanetti concludes only that Plaintiff has engaged in conduct "to further her own personal business interests," and that Zanetti was "injured" as a result. FACC, ¶¶ 44, 46. Absent is any indication as to what was "once in the possession of" Zanetti, which Plaintiff

now possesses, and which she could *return* to him. *Cortez*, 23 Cal.4th at 177. There is simply no allegation, nor could there be really, that Zanetti gave anything to Plaintiff as a result of her alleged unfair business practices. Moreover, the nature of Gerloni's alleged conduct that Zanetti claims violated the UCL simply could not have resulted in Zanetti paying anything to Plaintiff. In paragraph 43 of his FACC, Zanetti alleges that Plaintiff is improperly "asserting sole inventorship or co-inventorship in the Zanetti patent and applications…." Even were this allegation true (which it is not), this conduct would not result in Zanetti providing any money or property to Plaintiff that she could now "restore" to him.

Because she has taken nothing from Zanetti, there is nothing for Plaintiff to restore to him under the UCL. As the FACC fails to provide the necessary factual predicate, Zanetti's request for "restitution" in paragraphs 46 and 47 and paragraph 3 of the Prayer for Relief, should be stricken.

## IV. CONCLUSION

For each of the foregoing reasons, this motion should be granted, and Zanetti's request for restitution in his Third Cause of Action should be stricken.

DATED: July 7, 2008 LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /s/ Todd R. Kinnear
Lawrence J. Kouns
Mitchell P. Brook
Todd R. Kinnear
Attorneys for Plaintiff Mara Gerloni

101103735.1