J. CHRISTOPHER JACZKO (149317)
ALLISON H. GODDARD (211098)
JACZKO GODDARD LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone:     (858) 404-9205
Facsimile:      (858) 225-3500
cjaczko@jaczkogoddard.com
agoddard@jaczkogoddard.com

Attorneys for Plaintiff and Counterclaim-Defendant
MARA GERLONI

## UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARA GERLONI, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>MAURIZIO ZANETTI, an individual; and<br>NEVAGEN, LLC, a Nevada corporation,<br><br>                    Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIM<br>_____ | No. '07-cv- 2366 MMA (CAB)<br><br>JOINT DISCOVERY PLAN<br>PURSUANT TO FED. R. CIV. P. 26(F) |

Plaintiff and Counterclaim-Defendant Mara Gerloni ("Gerloni") and Defendants and

Counterclaimants Maurizio Zanetti ("Zanetti") and Nevagen, LLC ("Nevagen")(Zanetti and

Nevagen are collectively referred to herein as "Defendants"), by and through their respective

counsel, hereby submit this Joint Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f).

<u>NATURE OF THE CASE</u>

This case presents federal claims and counterclaims arising under 35 U.S.C. § 116 relating to

correction of inventorship of United States Patent No. 7,279,462, entitled "Somatic Transgene

Immunization and Related Methods" (the "462 Patent").  Gerloni asserts that she is at least a co-

inventor of the invention claimed in the '462 Patent and that Zanetti wrongfully failed to name

Gerloni as an inventor in the application from which the '462 Patent issued.  Gerloni also asserts

claims arising under California law for conversion and unjust enrichment seeking to recover

1   compensatory and punitive damages for the Defendants' exploitation of the '462 Patent.  The

2   Defendants deny Gerloni's claims and have asserted defenses thereto in addition to asserting a

3   counterclaim for declaratory relief seeking to have Zanetti declared the sole inventor of the '462

4   Patent.

5        The Defendants also assert a counterclaim arising under 17 U.S.C. § 101, et seq. alleging

6   copyright infringement.  The Defendants assert that Gerloni copied a figure entitled "the

7   Immunogenic Epitopes" into an international patent application (Publication No. WO 2008/017568)

8   and a claim arising under California's Business & Professions Code §§ 17200, et seq. alleging that

9   Gerloni is committing acts of unfair competition by claiming to be an inventor of the invention

10  claimed in the '462 Patent.  Gerloni filed a timely motion to strike the prayer contained in the

11  Defendants' counterclaim for unfair competition, which motion is still pending.  Consequently,

12  Gerloni has not yet filed an answer to the counterclaims.

13       During the February 23, 2009, Telephonic Status Conference, Gerloni indicated that she

14  would be dismissing for lack of jurisdiction the Second Claim for Relief set forth in her complaint

15  for correction of two pending patent applications filed under 35 U.S.C. § 256.  The Defendants

16  indicated that they would be dismissing on the same basis that portion of their First Claim for Relief

17  in their counterclaims that seeks declaratory relief relating to inventorship of same two pending

18  patent applications.  The Defendants also indicated that they would stipulate to Gerloni's motion to

19  strike the prayer for restitution relating to the Defendants' Third Claim for Relief on the grounds that

20  California law provides no such relief.  Finally, the Defendants have indicated that they will resolve

21  the issue of whether a copyright application exists for purposes of their Second Claim for Relief for

22  Copyright Infringement within thirty days.  There are no issues of jurisdiction or venue existent

23  between the parties.

24                           <u>INITIAL DISCLOSURES</u>

25       The Parties have met and conferred both in person and by telephone pursuant to Rule 26 of

26  the Federal Rules of Civil Procedure.  Pursuant to an order of the Court at the time of the February

27  23, 2009 Status Conference, the Parties have been ordered to exchange their Initial Disclosures

28  concurrent with the submission of this Joint Discovery Plan.

Case No. '07-cv-2366 MMA (CAB)
Joint Discovery Plan

## SUBJECTS OF DISCOVERY AND PROPOSED TIMELINE

The material factual and legal issues which must be resolved by this case and which require discovery are:

1. Whether Gerloni is a co-inventor of the invention described and claimed in the '462 Patent;

2. Whether Zanetti converted Gerloni's property by failing to include Gerloni as a co-inventor of the '462 Patent and thereafter deprived Gerloni of her share of proceeds from exploitation of the '462 Patent;

3. Whether Zanetti was unjustly enriched by virtue of his receipt of funds from his exploitation of the '462 Patent to the detriment of Gerloni;

4. The amount of damages, if any, Gerloni is entitled to recover;

5. Whether Zanetti is the sole inventor of the invention claimed in the '462 Patent;

6. Whether Zanetti owns a valid copyright registration for A Phase 1, Escalating Dose including a figure entitled "The Immunogenic Epitopes;"

7. Whether Gerloni caused the publication of an infringing work;

8. Whether Gerloni has engaged in acts of Unfair Competition by virtue of her assertion of sole or co-inventorship of the '462 Patent and right to licensing revenues therefrom; and

9. The amount of damages, if any, Zanetti is entitled to recover.

The parties do not believe that discovery needs to be conducted in phases or limited to or focused on any particular issues.

Plaintiff contemplates that, due to the number of witnesses located abroad and the potential difficulties in scheduling their depositions, fact discovery in this case can be completed by June 2010.

Defendants contemplate that fact discovery can be completed by end of May 2009.

## ELECTRONIC DISCOVERY

The parties do not presently foresee any issues concerning the production of electronic discovery in this case.

## ISSUES CONCERNING CLAIMS OF PRIVILEGE

The Plaintiff presently foresees the possibility that there may be an issue concerning a claim of privilege relating to two areas:

First, Defendants' counsel, Milton J. Silverman, represented Zanetti in proceedings involving the University of California at San Diego ("UCSD") which culminated in, among other things, the assignment by UCSD to Zanetti of various patents and patent applications, including the application that led to issuance of the '462 Patent. Plaintiff believes discovery into the negotiation of this assignment is necessary and anticipates the possibility that there will be a claim of privilege asserted by Defendants with regard to Mr. Silverman's involvement.

Second, discovery will necessarily include review of the actions taken by the patent counsel(s) in prosecution of the applications that led to the '462 Patent to determine inventorship. It is Plaintiff's understanding that patent prosecution counsel involved both counsel employed by UCSD as well as counsel subsequently employed by Zanetti himself. Plaintiff anticipates that claims of privilege may be asserted with respect to patent counsel(s)' efforts in this regard and in particular in identifying the inventor(s) of the subject invention. And there is an issue in this context arising out of the fact that one of the patent prosecuting attorneys primarily involved in the work related to the original application(s) is deceased.

## PROPOSED PROTECTIVE ORDER

The parties have discussed the necessity of an agreed upon protective order under the terms as set forth in the Local Rules to protect confidential information of the parties and any third parties who produce information of a confidential nature during the course of discovery. The parties intend to submit a stipulated Proposed Protective Order to the Court.

## LIMITATIONS ON DISOVERY

The limitations on discovery imposed by the Federal Rules of Civil Procedure are acceptable to the parties and should be enforced.

MOTIONS PENDING OR CONTEMPLATED

The Defendants have indicated that they anticipate filing a Motion for Summary Judgment or Partial Summary Judgment.  Plaintiff requests that prior to being required to oppose any such motion that she be given adequate time to conduct discovery pursuant to Fed. R. Civ. P. 56(f).  Defendants suggest sixty (60) days.

The Defendants have also indicated that they anticipate filing a Motion to Amend the Counterclaims to add a new claim for copyright infringement.  Defendants will advise Plaintiff and the Court within thirty days of their intention in this regard.

OTHER ISSUES

1.      <u>Testimony of Witnesses Located Abroad</u>.  Plaintiff believes that discovery in this action will require the taking of deposition testimony of witnesses who reside abroad.  Consequently, the parties anticipate that they may need to seek appropriate orders from the Court to facilitate the scheduling and taking of depositions pursuant to the regulations and laws of foreign jurisdictions, which presently include Italy, China and Germany.  Defendants believe most, if not all, of the foreign witnesses could be deposed in San Diego if requested and those depositions completed by June 1, 2009.

///
///
///
///
///
///
///
///
///
///

1    2.    <u>Claim Construction</u>.   The parties will meet and confer to determine whether they can

2    reach a stipulation concerning the meaning and scope of the claim of the '462 Patent within thirty

3    (30) days from the scheduled March 30, 2009 status  conference.  In the event that the parties are

4    unable to reach such a stipulation, they believe it will be necessary for the Court to issue a claim

5    construction for the '462 Patent in advance of trial.

6    Dated:        March 23, 2009                    J. CHRISTOPHER JACZKO
7                                                    ALLISON H. GODDARD
                                                     JACZKO GODDARD LLP

8

9                                                    By:     /s/   Allison H. Goddard
10                                                   Attorneys for Plaintiff and Counterclaim-
                                                     Defendant
11                                                   MARA GERLONI

12

13   Dated:        March 23, 2009                    MILTON J. SILVERMAN
14                                                   LAW OFFICES OF MILTON J. SILVERMAN

15

16                                                   By:     /s/   Milton J. Silverman
                                                     Attorneys for Defendants and
17                                                   Counterclaimants
                                                     MAURIZIO ZANETTI AND NEVAGEN,
18                                                   LLC

19   Dated:        March 23, 2009                    ROBERT P. OTTILIE

20

21                                                   By:     /s/   Robert P. Ottilie
22                                                   Attorneys for Defendants and
                                                     Counterclaimants
23                                                   MAURIZIO ZANETTI AND NEVAGEN,
                                                     LLC

24

25

26

27

28

**<u>Certificate of Service</u>**

*Gerloni v. Zanetti*

09CV2366-MMA-CAB

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 24th day of March, 2009, with a copy of this document via the Court's CM/ECF system.  I certify that all parties in this case are represented by counsel who are CM/ECF participants.  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

                         /s/  Allison H. Goddard